**UNITED STATES of America,
Appellee,**

v.

**Carlos CAPRE–HERRERA,
Defendant–Appellant.**

No. 06–0201–cr.

United States Court of Appeals,
Second Circuit.

Oct. 5, 2007.

Andrew D. Greene, Lake Success, NY, for Appellant.

Michael Farbiarz, Harry Sandick, Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges, and Hon. Paul A. Crotty,* District Judge.

## SUMMARY ORDER

Carlos Capre–Herrera appeals from a judgment of conviction entered on December 13, 2005, in the United States District Court for the Southern District of New York, following a plea of guilty before the Honorable Richard M. Berman, United States District Judge. Capre–Herrera argues that he received ineffective assistance of counsel and thus that his conviction and sentence should be vacated and the case remanded for either resentencing or an opportunity to plead guilty with full knowledge of the consequences. We assume the parties' familiarity with the facts, proceedings below, and specification of appellate issues.

While this court does have jurisdiction to hear the present appeal pursuant to 28 U.S.C. § 1291, this court is generally disinclined to resolve ineffective assistance claims on direct review. *See United States*

---

* Hon. Paul A. Crotty, of the United States District Court for the Southern District of New York, sitting by designation.

*v. Khedr,* 343 F.3d 96, 99–100 (2d Cir. 2003); *accord Massaro v. United States,* 538 U.S. 500, 123 S.Ct. 1690, 155 L.Ed.2d 714 (2003). A key reason "for this preference is that the allegedly ineffective attorney should generally be given the opportunity to explain the conduct at issue." *Khedr,* 343 F.3d at 100. As the Supreme Court made clear, "in most cases a motion brought under [28 U.S.C.] § 2255 is preferable to direct appeal for deciding claims of ineffective assistance" because the district court is "best suited to developing the facts necessary to determining the adequacy of representation during an entire trial." *Massaro,* 538 U.S. at 504–05, 123 S.Ct. 1690. In this case, the factual record is not fully developed so as to warrant this court departing from its regular practice. There are no affidavits from former defense counsel regarding his strategy or explaining his conduct, no affidavit from the defendant regarding the involuntary nature of his plea, no record from any evidentiary hearing, and no stipulation between the parties.

We therefore dismiss the appeal without prejudice.